UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
CIVIL DIVISION

**SOS MOBILE MEDICAL CARE, LLC,** a
Florida Limited Liability Company,
    Plaintiff,

                                            Case No.
                                            Division

-vs-

**JASON GULLEDGE,** an Individual
    Defendant.

_____/

## VERIFIED COMPLAINT

COMES NOW, the Plaintiff, SOS Mobile Medical Care, LLC, a Florida Limited Liability Company, by and through their undersigned counsels, and hereby sues the Defendant, Jason Gulledge, an Individual, upon the grounds set forth herein below:

### SHORT SUMMARY

1. The Plaintiff, SOS Mobile Medical Care, LLC, is a Florida limited liability company that is engaged in providing healthcare services to facilities and patients within the state.

2. Founded in 2020, the Plaintiff has enjoyed considerable growth over the past five-and-a-half years, and through October, 2025, served more than thirty facilities and hundreds of patients.

3. Earlier this year, SOS entered into an Employment Contract (attached hereto as **Exhibit A,** hereinafter "EC") with Defendant Jason Gulledge, wherein

Defendant Gulledge was made an executive officer of the company and given the title "Chief Strategy Officer" (hereinafter "CSO").

4. The EC contained a number of restrictive covenants between Defendant Gulledge and SOS. See **Exhibit A**.

5. As the CSO, Defendant acknowledged that he would be given information including "customer lists, Prices, Costs, Discounts, Business affairs" and other information which were to be considered confidential and trade secrets. **Exhibit A, Paragraph 7.**

6. Defendant Gulledge agreed that he would "not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any [of the confidential information] to any third party without the prior written consent of [SOS]." **Exhibit A, Paragraph 7**.

7. Further, Defendant Gulledge was required to "protect the Information and treat it as strictly confidential." **Exhibit A**, **Paragraph 7**.

8. Client lists, such as the one maintained by the Plaintiff, which are not public and are acquired or compiled through the industry of the owner, as well as the financial information pertaining to those clients, qualifies as a trade secret. See *Bridge Fin., Inc. vs. Fischer & Assoc's*, 310 So.3d 45, 48 (Fla. 4th DCA 2020), citing *E. Colonial Refuse Serv., Inc. vs. Velocci*, 416 So.2d 1276, 1278 (Fla. 5th DCA 1982).

9. Likewise, financial details of contractual relationships with customers (such as those between the Plaintiff and its customers) are both secret and of advantage

10. to SOS, or provide an opportunity for SOS to obtain an advantage over those who do not know such information, and are therefore considered trade secrets as defined in Florida Statute §688.002(4), and Florida Statute §812.081.

10. The EC also provided that SOS would be entitled to an injunction to restrain Defendant Gulledge from disclosing, "or from providing any services to any party to whom such Information has, or may have been disclosed or may be disclosed." **Exhibit A, Paragraph 8**.

11. Defendant Gulledge was also subject to a Non-Competition Agreement within the EC (**Exhibit A**, Paragraph 10), wherein Defendant Gulledge agreed that he would not "directly or indirectly engage in any business competitive with [SOS]."

12. Upon information and belief, it appears that beginning in or about July, 2025, the Defendant conspired with a competitor firm to utilize SOS's trade secret information, namely the Plaintiff's business relationships, client list, and proprietary customer financial information to divert and steal the Plaintiff's clients.

13. As of the date of this Complaint, the Defendant is actively contacting the Plaintiff's customers on behalf of the Plaintiff's competitor, and is utilizing the Plaintiff's confidential information therewith.

## JURISDICTION & VENUE

14. The parties to this litigation are citizens of different states, and as such, this Court has Diversity Jurisdiction over the subject matter hereto pursuant to 28 U.S.C. §1332.

15. This Court has personal jurisdiction over the parties as the result of consent (**Exhibit A**) and because the causes of action at issue accrued in this District.

16. Likewise, venue is appropriate in the Middle District of Florida because the circumstances giving rise to this action occurred in this District.

## PARTIES

17. The Plaintiff, SOS MOBILE MEDICAL CARE, LLC, is a Florida Limited Liability Company with a principal address of 7830 Gunn Highway, Tampa, Florida 33626.

18. The Defendant, JASON GULLEDGE, is a natural person and resident of Spanish Fort, Alabama.

### Count I: Breach of Contract, Injunctive Relief
*Defendant Gulledge*

19. The Plaintiff re-avers paragraphs 1-18 as though fully set forth herein.

20. The Plaintiff and Defendant Gulledge entered into a valid contract (**Exhibit A**, the EC) to govern their relationship.

21. Defendant Gulledge, as a part of his obligations and responsibilities, was required to keep secret the Plaintiff's confidential and proprietary information as described in Paragraphs 7 & 8 of the EC.

22. The EC states that Defendant Gulledge "will not at any time or in any manner… divulge, disclose, or communicate any items of Information to any third party without the prior written consent of the Employer." **Exhibit A, ¶7.**

23. Further, Paragraph 8 of the EC states that if Defendant Gulledge "has disclosed…. Information in violation of this contract, [SOS] shall be entitled to an injunction to restrain the Employee from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has, or may have been disclosed or may be disclosed." **Exhibit A, Paragraph 8.**

24. Furthermore, Defendant Gulledge agreed to a non-competition provision within the EC. **Exhibit A**, ¶10.

25. In pertinent part, Defendant Gulledge agreed that he would not compete with the Plaintiff, or work for a competitor of the Plaintiff during his employment, and for a term of 24 months thereafter. **Exhibit A, ¶**10.

26. Defendant Gulledge has disclosed confidential and proprietary information of the Plaintiff to a third party, including but not limited to: customer information, proprietary and confidential contractual information, business operations, and client lists.

27. Such actions amount to a material breach of Defendant Gulledge's obligations under the EC.

28. Furthermore, Defendant Gulledge has provided services to at least one third party, who has been in receipt of the confidential information outlined in Paragraph 7 of the CE.

29. Such action is also a material breach of his contractual obligations under the CE.

30. Similarly, Defendant Gulledge has undertaken employment with at least one third party competitor of the Plaintiffs, both during and after his employment with SOS.

31. Such employment is also a material breach of his contractual obligations under the CE.

32. Defendant Gulledge's actions as described herein, have damaged the Plaintiff irreparably.

33. Specifically, and without limitation, the Plaintiff has lost the customer goodwill, customer relationships, proprietary contractual and financial information, and operational information that was identified in Paragraph 7 of the CE. See **Exhibit A.**

34. Defendant Gulledge continues to engage in this activity and continues to irreparably harm the Plaintiff in doing so.

35. The Plaintiff asks that the Court enter a permanent injunction against Defendant Gulledge, prohibiting him, his agents, representatives, members of any company which he now controls, or any third party over which Defendant Gulledge has control, from contacting any person, agent, representative, partnership, or

company that was or is the Plaintiff's customer, and which was disclosed to Defendant Gulledge through his activities with the Plaintiff under the MDA.

**WHEREFORE**, the Plaintiff, SOS Mobile Medical Care, LLC, respectfully requests this Honorable Court to enter Judgment against Defendant Jason Gulledge enter an injunction prohibiting him, his agents, representatives, businesses, and third parties over whom he has control, from disclosing or utilizing the Plaintiff's confidential and proprietary information, and awarding the Plaintiff its attorney's fees and costs incurred in bringing this action. The Plaintiff further requests any additional equitable relief as may be necessary and proper to do justice between the parties.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 12/15/2025

Signed by:
*Joshua Kolanko*
JOSHUA KOLANKO
CEO
SOS Mobile Medical Care, LLC

Dated: December 14th, 2025

/s/Andrew Z. Tapp
Andrew Z. Tapp, Esq.
Florida Bar No. 68002
Metropolitan Law Group, PLLC
1973 W. Lumsden Road, Suite 326
Brandon, Florida 33647
(813) 228-0658
Service@Metropolitan.Law
Andrew@Metropolitan.Law
Lead Counsel for Plaintiff

/s/ Aaron Roberson
Aaron C. Roberson, Esq.
Florida Bar No. 1018139
Roberson & Roberson, P.A.
16057 Tampa Palms Blvd W, Suite 231
Tampa, Florida 33647
(813)-808-3688
Aaron@RobersonPA.com
Trial Counsel for the Plaintiff

Page **8** of **8**