UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SOS MOBILE MEDICAL CARE, LLC**,
a Florida Limited Liability Company,

    **Plaintiff,**

v.                                                Case No: 8:25-cv-03422-WFJ-CPT

**JASON GULLEDGE**,
an Individual,

    **Defendant.**

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff SOS Mobile Medical Care, LLC's ("SMMC") Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 4. After careful consideration, the Court concludes the *ex parte* motion should be granted.

## BACKGROUND

Based on Plaintiff's Verified Complaint, the sworn affidavits submitted, and evidence of record, the Court makes the following preliminary findings:

1. SMMC is a "Florida based business that offers in-home healthcare visits to patients," which "contracts with a number of health facilities." Dkt. 4-2 at 1 ¶ 2.

2. SMMC "maintains information pertaining to each business relationship it has with these facilities, including pricing, cost, customer needs, discount, and other proprietary information that allows [SMMC] to competitively negotiate for work from each of these facilities." *Id.* at 2 ¶ 5.

3. On February 12, 2025, SMMC entered into an employment contract (the "Contract") with Defendant Jason Gulledge, as he was hired to serve as SMMC's Chief Strategy Officer. *Id.* at 2 ¶¶ 7–8. This contract contained the following clauses:

> **8. Unauthorized Disclosure of Information.** If it appears that the Employee has disclosed (or has threatened to disclose) Information in violation of this Contract, the Employer shall be entitled to an injunction to restrain the Employee from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has, or may have been disclosed or may be disclosed. The Employer shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.
> . . .
>
> **10. Non-Compete Agreement.** The Employee recognizes that the various items of Information are special and unique assets of the company and need to be protected from improper disclosure. In consideration of the disclosure of the Information to the Employee, the Employee agrees and covenants that during his or her employment by the Employer and for a period of 24 months following the termination of the Employee's employment, whether such termination is voluntary or involuntary, the Employee will not directly or indirectly engage in any business competitive with the Employee.
> This covenant shall apply to the geographical area that includes anywhere in the United States. Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of the Employer for the benefit of a third party that is engaged in such business. The Employee agrees that this noncompete provision will not adversely affect the Employee's livelihood.

*Id.* at 9–10 ¶¶ 8, 10.

4. As Chief Strategy Officer, Defendant was "given access to a number of categories of [SMMC]'s Confidential Information." *Id.* at 4 ¶ 10 (listing the various categories

2

of Confidential Information); *see Id.* at 9 ¶ 7 (providing a further list of information specifically included in the Contract).

5. Defendant served as SMMC's Chief Strategy Officer from when he was hired in February 2025, until he was terminated the first week of December 2025. *Id.* at 4 ¶ 13.

6. SMMC's former medical director had created a competing business named SOS Care Solutions, LLC ("SCS"). *Id.* at 5 ¶ 14. Plaintiff has "recently become aware that Defendant Gulledge disclosed the Plaintiff's Confidential Information to SCS," appearing to date back to November 2025, while Defendant was still employed at SMMC. *Id.* at 5 ¶ 15. This Confidential Information includes, but is not limited to "Plaintiff's customer list and the associated proprietary information about costs, revenue, information, discounts, and services rendered to each of those clients." *Id.* at 5 ¶ 16. Defendant "has and continues to provide services to SCS." *Id.* at 5 ¶ 18; *see* Dkt. 4-4 at 2 (providing Defendant's employment information with SCS).

## LEGAL STANDARD

An "*ex parte* temporary restraining order is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995). To demonstrate entitlement to temporary injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted: (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted); *see* Fed.

R. Civ. P. 65(b); *see also* Local Rule 6.01. Fed. R. Civ. P. 65(b)(1)(B) requires that Plaintiff's attorney certify any efforts made to give notice and the reasons why it should not be required. Local Rule 6.01(b)(2) requires the movant give the reason why notice is impractical. Irreparable injury is "the *sine qua non* of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation modified).

## DISCUSSION

Plaintiff has demonstrated a substantial likelihood of success on the merits under its claim for breach of contract. *See* Dkt. 1 ¶¶ 19–35. Specifically, Plaintiff has demonstrated a likelihood that Defendant is in violation of the non-disclosure and non-service restrictive clauses of the Contract, Dkt. 4-1 at 9; Dkt. 4-3 (containing the relevant clauses), through his disclosure of Confidential Information to SCS, Dkt. 4-2 ¶¶ 15–17 (providing a sworn statement that Defendant disclosed enumerated Confidential Information), and further through his employment with SCS. Dkt. 4-4 at 2 (providing Defendant's employment information with SCS).

The Court finds that Plaintiff will suffer immediate, irreparable harm without the requested relief. *See* Dkt. 4-2 ¶ 19 (providing a sworn statement that "SOS has lost considerable customer goodwill and relationships as the direct result of the Defendant's conduct, and continues to lose goodwill and relationships as he acts in furtherance of SCS's efforts. Many customers have already terminated their business relationships with SOS, while others try to avoid the confusion and simply refuse to correspond with SOS"); *Ferrero v. Associated Materials, Inc.*, 923 F.2d 1441, 1149 (11th Cir. 1991) (citation modified) (stating that "the loss of customers and goodwill is an irreparable injury");

4

*Everest Nat'l Ins. Co. v. Rockhill Ins. Co.*, No. 8:16-cv-2803-T-35JSS, 2016 WL 8914545, at *6 (M.D. Fla. Oct. 5, 2016) (citation omitted) (noting that "Florida law presumes irreparable harm where trade secrets are misappropriated for unauthorized use"). This threatened injury to Plaintiff outweighs any harm Defendants might suffer if the TRO is granted. *See* Dkt. 4-1 at 10. Furthermore, a TRO in this case serves the public's interest in protecting trade secrets and preventing unfair competition. *See id.* 10–11.

As a final matter, Plaintiff has sufficiently shown compliance with procedural requirements by providing a Rule 65(b) certification from Plaintiff's attorney stating why such notice should not be required. Dkt. 4 at 5. Plaintiff's attorney, Andrew Z. Tapp, certifies that although "no attempts have been made to give notice of this Motion," Plaintiff SOS "reasonably believes that advanced notice would cause the Defendant to accelerate its irreparable harm to the Plaintiff. As such, providing notice to the Defendant would defeat the purpose of this motion." *Id.*

## CONCLUSION

Accordingly, for good cause shown, Plaintiff's Motion for Temporary Restraining Order, Dkt. 4, is **GRANTED**, and **IT IS HEREBY ORDERED** as follows:

1. The Defendant is hereby **ORDERED** to immediately cease and desist from the utilization or disclosure of the Plaintiff's Confidential Information to any third party. Such Confidential Information shall include: (1) the Plaintiff's business processes; (2) Plaintiff's trade secrets (any information which provided the Plaintiff with a competitive advantage, including business strategies and other vital information items which are valuable, special, and unique to the Plaintiff);

    (3) the Plaintiff's list of customers, including their contact information and that of their officers, agents, representatives; (4) The Plaintiff's service pricing with its current and prospective customers; (5) the Plaintiff's business and operations costs; (6) the advantageous discounts offered by the Plaintiffs to induce customers into agreements with them, and advantageous discounts obtained by the Plaintiff from vendors and suppliers; (7) the Plaintiff's business relationships, including all contacts, officers, agents, representatives, and employees for the Plaintiff's customers; and (8) the Plaintiff's future business development plans.

2. The Defendant is hereby **ORDERED** to stop rendering services to any third party to whom he has disclosed such Confidential Information, or to whom he knows is in wrongful possession of the Plaintiff's Confidential Information, including but not limited to SOS Care Solutions, LLC. Such services prohibited by this order include any employment activities which utilize the Plaintiff's Confidential Information.

3. The Defendant, his representatives, agents, employees, or others acting on his behalf, are hereby **PROHIBITED** from contacting any of the Plaintiff's customers, or otherwise soliciting business from any of the Plaintiff's customers.

4. Plaintiff shall immediately post a security bond with the Clerk of Court in the amount of $10,000. This injunction is in effect immediately, but will dissolve at 5:00 p.m. on August 19, 2023, if the bond is not posted by then.

5. The Plaintiff is **ORDERED** to personally serve this Order, as well as all pleadings and motions filed in this matter upon the Defendant, and file proof of same. **This must be done instanter**. Plaintiff must use email, hand delivery, and regular process on an **immediate** basis.

This Temporary Restraining Order shall remain in effect for fourteen (14) days and expire on December 30, 2025, at 3:00 p.m., or until further order of this Court. The Court will conduct a hearing on preliminary injunctive relief on January 2, 2026, at 11:00 a.m. in Courtroom 15B, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Plaintiff must serve all appropriate papers immediately via email and also pursuant to Fed. R. Civ. P. 4.

**DONE AND ORDERED** at Tampa, Florida, on December 16, 2025, at 2:45 p.m.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record