UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SOS MOBILE MEDICAL CARE, LLC**,
a Florida Limited Liability Company,

  **Plaintiff,**

**v.**             **Case No: 8:25-cv-03422-WFJ-CPT**

**JASON GULLEDGE**,
an Individual,

  **Defendant.**

---

## <u>PRELIMINARY INJUNCTION</u>

Before the Court is Defendant Jason Gulledge's ("Gulledge") Motion to Vacate the Preliminary Injunction Order. Dkt. 17. Plaintiff SOS Mobile Medical Care, LLC ("SOS Mobile") has responded, Dkt. 24, a full evidentiary hearing has been held on February 27 and March 6, 2026, Dkts. 31–38, and each party has filed supplemental briefs. Dkts. 39, 40, 41. After careful consideration, the Court grants-in-part Defendant's motion, dissolving and modifying certain aspects of the standing Preliminary Injunction. *See* Dkt. 14.

## BACKGROUND

This dispute arises from a business relationship between SOS Mobile and SOS Care Solutions, LLC ("SOS Care"), which was initially amicable and appeared to function somewhat like a partnership. *See* Dkt. 40-1 (showing SOS Mobile CEO Joshua Kolanko alongside Defendant Gulledge and Dr. Roderick Bennett utilizing SOS Care branding while attending a trade show). However, a bitter schism arose around November 2025,

which led to the termination of Defendant Gulledge in December 2025. From prior to his termination until the present, Defendant Gulledge has been employed by both SOS Mobile and SOS Care. Since the latter part of 2025, SOS Care is in direct competition with SOS Mobile.

SOS Mobile now seeks to enforce the Employment Contract as to Defendant Gulledge; specifically, the confidentiality and non-compete clauses, which read as follows:

> **8. Unauthorized Disclosure of Information.** If it appears that the Employee has disclosed (or has threatened to disclose) Information in violation of this Contract, the Employer shall be entitled to an injunction to restrain the Employee from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has, or may have been disclosed or may be disclosed. The Employer shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.
> . . .
>
> **10. Non-Compete Agreement.** The Employee recognizes that the various items of Information are special and unique assets of the company and need to be protected from improper disclosure. In consideration of the disclosure of the Information to the Employee, the Employee agrees and covenants that during his or her employment by the Employer and for a period of 24 months following the termination of the Employee's employment, whether such termination is voluntary or involuntary, the Employee will not directly or indirectly engage in any business competitive with the Employee.
> This covenant shall apply to the geographical area that includes anywhere in the United States. Directly or indirectly engaging in any competitive business includes, but is not limited to: (i) engaging in a business as owner, partner, or agent, (ii) becoming an employee of any third party that is engaged in such business, (iii) becoming interested directly or indirectly in any such business, or (iv) soliciting any customer of the Employer for the benefit of a third party that is engaged in such business. The Employee agrees that this noncompete provision will not adversely affect the Employee's livelihood.

Dkt. 4-3 ¶¶ 8, 10.

The Court previously found *ex parte* that Plaintiff SOS Mobile had met all factors necessary for a temporary restraining order, Dkt. 6, and further converted this order into a preliminary injunction after holding a hearing. Dkt. 14. In doing so, the Court enjoined Defendant Gulledge from further violations of the confidentiality and non-compete clauses. The present Order arises after holding full evidentiary hearings with both sides presenting cogent evidence. The Court maintains the "equitable discretion to modify [its] preliminary injunction based on subsequent changes in the facts or law or for other good reason." *Awareness Ave. Jewelry LLC v. P'ship*, No. 8:23-cv-2-TPB-AAS, 2023 WL 3568387, at *1 (M.D. Fla. May 19, 2023) (citing *FTC v. Roca Labs, Inc.*, No. 8:15-cv-2231-T-35CPT, 2018 WL 1988873, at *3 (M.D. Fla. Mar. 1, 2018)).

At the evidentiary hearing, Gulledge claimed that he did not have notice of the date set for the initial injunctive hearing, January 6, 2026. But Gulledge did have notice of that date through service of the TRO (continued briefly due to the holiday closure of the Court). Gulledge's testimony shows he disregarded any such date and had no diligence in following it. This point was mooted by the full evidentiary hearings held on February 27 and March 6, 2026.[1]

## DISCUSSION

The Court is guided by Florida law, "which contains a comprehensive framework for analyzing, evaluating and enforcing restrictive covenants contained in employment

---

[1] On December 19, 2025, Gulledge was served with a TRO listing the date of the preliminary injunction hearing. Dkt. 9-1. Although he testified he read that document when he was served, he testified he had no idea whatsoever what the date was for the first hearing. He did not appear or defend in any manner until 56 days after he was served. Dkt. 16.

contracts." *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230-31 (11th Cir. 2009) (citation modified). "For a restrictive covenant to be valid, 'the person seeking enforcement of the restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant.'" *Id.* at 1231 (quoting Fla. Sta. § 542.335(1)(b)).

If a court finds that the "contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the legitimate business interest[s]," the court is required to "modify the restraint and grant only the relief reasonably necessary to protect such interest or interests." Fla. Stat. § 542.335(1)(c). "Whether a non-compete covenant is reasonable or overly broad is a question of fact for the trial court." *Whitby v. Infinity Radio Inc.*, 951 So. 2d 890, 897 (Fla. 4th DCA 2007).

Regarding the confidentiality clause, the Employment Agreement prohibits Defendant Gulledge from disclosing certain enumerated categories of confidential information—including customer lists, prices, and costs—which he may have obtained during his employment with SOS Mobile. Dkt. 4-3 ¶¶ 7–8. However, the confidential nature of any information that might be held by Defendant Gulledge is currently unclear due to the intertwined, once cordial, operations of SOS Mobile and SOS Care, as described during the evidentiary hearing. Until December 2025, the two entities appear to have shared full access and cooperation, including in the use of the Monday.com platform. In the limited evidentiary hearing, the Court was unable to determine what information is truly confidential, given the lack of discovery, rules of evidence, and other procedural

4

safeguards. The record is insufficiently clear as to what truly confidential information Gulledge is providing SOS Care in derogation of his duties to SOS Mobile.

In light of these considerations, the Court finds that Plaintiff has not sufficiently established the likelihood of success, as required for a preliminary injunction as to trade secrets and confidential information. *See Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (holding that for a court to grant a preliminary injunction, a plaintiff must show a likelihood of success, along with other factors); *see also Checkers Drive-In Rests. Inc. v. One Hundred Twenty, LLC*, No. 8:11-CV-2462-T-35-MAP, 2012 WL 13106396, at *1 (M.D. Fla. Feb. 8, 2012) (quoting *Favia v. Indiana Univ. of Penn.*, 7 F.3d 332, 340 (3d Cir. 1993)) ("When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place."). Accordingly, the Court dissolves the Preliminary Injunction as it relates to Defendant Gulledge's alleged violation of the confidentiality clause in the Employment Agreement.

As to the non-compete clause, the contractual language requires Defendant Gulledge to refrain from "[d]irectly or indirectly engaging in any competitive business" for a period of twenty-four months following termination within a geographic area encompassing "anywhere in the United States." Dkt. 4-3 ¶ 10. The Court concludes that the restriction's duration and geographic scope are greater than necessary to protect the evident Florida-based business interests of SOS Mobile, which include substantial customer relationships now being subject to direct competition involving Mr. Gulledge.

Accordingly, the Court modifies the restriction, reducing the duration of the non-compete clause to eighteen months following termination. *See Veterinary Orthopedic*

*Implants, Inc. v. Haas*, No. 3:20-cv-868-J-34MCR, 2020 WL 5369087, at *13 (M.D. Fla. Sep. 8, 2020) ("The Court declines to presume that two-years is reasonable without any evidence establishing the necessity of this lengthy restriction. Rather, on the current record and at [the preliminary injunction] stage in the proceedings, the Court is satisfied that enjoining [the defendant] from competing against [the plaintiff] for one-year is sufficient but not greater than necessary to protect [the plaintiff]'s legitimate business interests."). The Court further limits the geographic scope of the non-compete clause to the State of Florida, which reflects the rough boundaries of SOS Mobile's present market. See *Kova Com. of Naples, LLC v. Sabin*, No. 2:23-CV-614-JES-KCD, 2023 WL 6458845, at *8 (M.D. Fla. Oct. 4, 2023) (limiting a restrictive covenant to two counties in Florida in order to narrow the geographic range to only what is necessary to protect the plaintiff's legitimate business interests); *see also TEC Serv, LLC v. Crabb*, No. 11-62040-CIV, 2013 WL 12177335, at *13 (S.D. Fla. June 11, 2013) (citing *Johnson Controls, Inc. v. Rumore*, No. 8:07-cv-1808, 2008 WL 203575, at *7 (M.D. Fla. Jan. 23, 2008)) (finding a non-compete clause that was "limited to the state of Florida" to be "reasonable and enforceable"). In all other respects, the preliminary injunction remains in effect as to the non-compete clause. *See Crom, LLC v. Preload, LLC*, 380 F. Supp. 3d 1190, 1200 (N.D. Fla. 2019) (citing Fla. Stat. § 542.335(1)(h)) (holding that, in Florida, "[c]ourts construe a non-compete agreement in favor of providing reasonable protection to legitimate business interests of the party seeking enforcement, not narrowly against the drafter").

6

## CONCLUSION

Accordingly, Defendant Jason Gulledge's Motion to Vacate the Preliminary Injunction Order, Dkt. 17, is **GRANTED-IN-PART**, and **IT IS HEREBY ORDERED** as follows:

1. The Court's previously ordered Preliminary Injunction, Dkt. 14, is **DISSOLVED** as it relates to Defendant Gulledge's alleged violation of the confidentiality clause in the Employment Agreement.

2. Any prior bond posted by Plaintiff is exonerated and released.

3. The Court's previously ordered Preliminary Injunction, Dkt. 14, is **MODIFIED** as it relates to Defendant Gulledge's alleged violation of the non-compete clause in the Employment Agreement. Gulledge may not compete with SOS Mobile as per Paragraph 10 of the Employment Contract, Dkt. 4-3 ¶ 10, and is barred and enjoined from doing so. The duration of the restriction is reduced to eighteen months starting March 1, 2026, and the geographic scope is limited to the State of Florida. In all other respects, the Preliminary Injunction remains in effect as to the non-compete clause.

The Court notes that the non-compete agreement here was signed without apparent coercion or improper motive. Mr. Gulledge is a sophisticated businessman with an MBA from Auburn University. Because Mr. Gulledge appears to have competed freely and directly for months, likely in violation of this non-compete agreement, this eighteen month period runs from March 1, 2026 as the starting point. Mr. Gulledge resides in Alabama. There was some

indication in the record that SOS Care was seeking to expand there. Nothing in this Order, for example, precludes that competition by Gulledge in Alabama or any other state.

**DONE AND ORDERED** at Tampa, Florida, on March 20, 2026.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

8